UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADOLFO DEJESUS ARITA MOJICA, individually and on behalf of those individuals similarly situated, <br><br> Plaintiff, <br><br> - against - <br><br> MASSA'S PIZZA OF LIC, LLC AND BILL MASSA, <br><br> Defendants. | COMPLAINT <br><br> CASE NO.: <br><br> JURY TRIAL DEMANDED |

Plaintiff, ADOLFO DEJESUS ARITA MOJICA, individually and on behalf of those individuals similarly situated, ("Plaintiff"), by and through his attorneys, ZABELL & ASSOCIATES, P.C., complains and alleges as follows:

## I.     PRELIMINARY STATEMENT

1. Plaintiff brings this action on behalf of himself and all similarly situated employees and/or former employees seeking monetary damages, declaratory relief, and affirmative relief based upon Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.; New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, et seq.; New York State Department of Labor Regulations ("NYDOL Regs"), N.Y.C.R.R. § 142-2.2, common law, and other appropriate rules, regulations, statutes and ordinances.

2. Plaintiff alleges pursuant to the FLSA and NYLL, that he is entitled to recovery for himself, and on behalf of all similarly situated employees, from

Defendants (1) statutory overtime compensation for all hours worked in excess of forty (40) hours per week; (2) spread of hours pay for shifts worked in excess of ten (10) hours per day; (3) any and all relief due and owing to Plaintiff for Defendants' failure to provide proper meal periods; (4) interest on all earned compensation withheld by Defendants; (5) an award of $2,500.00; the maximum penalty for violations of NYLL § 195; (6) liquidated damages; and (7) attorneys' fees and costs.

3. Plaintiff further alleges that he is entitled to recover for himself, and on behalf of all similarly situated employees, from Defendants for unlawful conversion of monies rightfully due and owing Plaintiff, and in the alternative, unjust enrichment and *quantum meruit.*

## II. JURISDICTION AND VENUE

4. This Court maintains jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1367.

5. This Court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367 and other appropriate rules, regulations, statutes and ordinances.

6. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct alleged herein occurred within the State of New York in the County of Suffolk.

7. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### III.   PARTIES

8. Plaintiff, **ADOLFO DEJESUS ARITA MOJICA** ("Plaintiff Mojica" or "Plaintiff"), was at all times relevant herein, a domiciliary of the State of New York, presently residing in Bay Shore, New York.

9. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the NYLL, N.Y. Lab. Law § 190(2).

10. Upon information and belief, Defendants **MASSA'S PIZZA OF LIC, LLP** ("Defendants Massa's Pizza" or "Defendants") is a domestic limited liability company operating at 345 Main Street, Huntington, New York 11743.

11. Upon information and belief, Defendant **BILL MASSA** was owner, or part owner and principal of Massa's Pizza of LIC, LLP and (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules and the work environment; (3) determined the rate and method of payment of employees; and (4) maintained employment records for all the related entities.

12. At all times relevant to the Complaint, Defendants acted as an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the NYLL, N.Y. Lab. Law § 190(3).

13. Upon information and belief, at all times relevant herein, each Defendant was an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203(r)(1) and (r)(2), due to their operation of restaurant/cafe.

14. Upon information and belief, at all times relevant herein, Defendants employed more than two (2) employees engaged in interstate commerce and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) due to their operation of restaurant/cafe.

15. Upon information and belief, at all times relevant to the Complaint, Defendants employed more than two (2) employees engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in connection with their operation of restaurant/cafe.

16. Upon information and belief, at all times relevant to the Complaint, Defendants employed employees, including Plaintiff, who regularly were and are presently engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i) and (j) in connection with its operation of restaurant/cafe.

## IV.    FACTS

17. Plaintiff repeats and re-alleges each and every allegation contained herein.

18. Plaintiff Mojica was hired by Defendants in or around March 2014 as a "chef".

19. Plaintiff Mojica has no formal training as a "chef" and his duties as a "chef" require no any advanced knowledge, skill and/or culinary expertise.

20. At all times relevant herein, Plaintiff Mojica performed the essential functions of his position in a more than satisfactory manner and satisfied all conditions precedent to payment in accordance with the established terms and conditions of his employment.

21. From Plaintiff Mojica's date of hire through in or around November 2014, he worked as a "chef" six (6) days a week: Mondays, Tuesdays, Wednesdays, Fridays, Saturdays, and Sundays, from 12:00 p.m. to 10:00 p.m.

22. Accordingly, Plaintiff Mojica worked no fewer than sixty (60) hours per week from in or around March 2014 through November 2014.

23. From in or around March 2014 through November 2014, Plaintiff Mojica was paid a flat rate of $500 per week by Defendants.

24. From in or around December 2014 through in or around December 2015, Plaintiff Mojica worked as a "chef" six (6) days a week: Mondays, Tuesdays, Wednesdays, Fridays, Saturdays, and Sundays, from 12:00 p.m. to 10:00 p.m.

25. Accordingly, Plaintiff Mojica worked no fewer than sixty (60) hours per week from in or around December 2014 through in or around December 2015

26. From in or around December 2014 through in or around December 2015, Plaintiff Mojica was paid a flat rate of $550 per week by Defendants.

27. From in or around December 2015 through in or around May 2016, Plaintiff Mojica worked as a "chef" six (6) days a week: Mondays and Tuesdays from 10:00 a.m. to 6:00 p.m.; Wednesdays from 10:00 a.m. to 10:00 p.m.; Fridays and Saturdays from 10:00 a.m. to 9:00 p.m.; and Sundays from 9:00 a.m. to 10:00 p.m.

28. Accordingly, Plaintiff Mojica worked no fewer than sixty-three (63) hours per week from in or around December 2015 through in or around May 2016.

29. From in or around December 2015 through in or around May 2016, Plaintiff Mojica was paid a flat rate of $600 per week by Defendants.

30. Plaintiff's employment was terminated by Defendants on or around May 22, 2016.

31. Defendants did not regularly provide Plaintiff Mojica with meal breaks.

32. Defendants failed to record Plaintiff Mojica's hours worked and failed to require him to clock and/or sign in and out of work.

33. Defendants routinely held Plaintiff Mojica after his scheduled shift without compensation.

34. Defendants paid Plaintiff Mojica in cash, without providing a receipt.

6

35. During Plaintiff's tenure, Defendants failed to provide Plaintiff with written notice of his wage rate, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

36. Plaintiff, and, upon information and belief, other similarly situated individuals, worked six (6) days a week, more than ten (10) hours per day and did not receive overtime compensation for the hours worked in excess of forty (40) hours per week at the applicable statutory rate of one and one-half (1.5) times the regular rate of pay in violation of the FLSA and NYLL.

37. Despite working more than ten (10) hours per day, Plaintiff, and, upon information and belief, other similarly situated individuals, were not compensated an additional hour's pay when they worked more than ten (10) hours in a day as required by 12 N.Y.C.R.R. § 142-2.4.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff repeats and re-alleges each and every allegation contained herein.

39. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

40. This action is brought on behalf of Plaintiff and a class consisting of similarly situated employees who work or have worked for Defendants.

41. At all times relevant herein, Plaintiff and the other FLSA collective action Plaintiffs are and have been similarly situated have sustained similar job requirements and pay provisions, are and have been subject to Defendants'

7

decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay at a rate of one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) hours per week.

42. Upon information and belief, there are current and former employees who are similarly situated to Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of Defendants' current and former employees' interests, as well as their own interest in bringing this action.

43. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly situated persons who work or have worked for Defendants at any time during the six (6) years prior to the filing of their respective consent forms.

44. Plaintiff and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policies and/or plans to violate the FLSA by failing to provide overtime wages, at the rate of one and one-half (1.5) times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## CLASS ACTION ALLEGATIONS

45. Plaintiff repeats and re-alleges each and every allegation contained herein.

46. Plaintiff also brings his NYLL claims on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23 Class") comprised of all persons who work or have worked for Defendants in the State of New York at any time from the six (6) years prior to the filing of this Complaint to the entry of judgment in this case.

47. The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable.

48. The persons in the Rule 23 Class are readily ascertainable. The names and addresses of such persons are readily available from Defendants for purposes of notice and any other purpose related to this action.

49. Defendants have acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

50. The questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class include, but are not limited to:

   a) Whether Defendants unlawfully failed to properly compensate Plaintiff in violation of and within the meaning of New York Labor Law Article 6, §190 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

b) Whether Plaintiff and the Rule 23 Class are "non-exempt" from entitlement to overtime compensation for all hours worked in excess of forty (40) hours per week;

c) What policies, practices and procedures Defendants implemented regarding payment of overtime compensation, minimum wage, spread of hours breaks and meal periods;

d) Whether Defendants failed to pay Plaintiff and the Rule 23 Class overtime compensation for all hours worked in excess of forty (40) hours per week within the meaning of the NYLL Article 19 § 650 et seq. and the supporting NYDOL Regs., 12 N.Y.C.R.R. Part 142;

e) Whether Defendants failed to pay Plaintiff and the Rule 23 Class spread of hours pay by failing to pay an additional hour's pay when they worked more than ten (10) hours in a day, as provided by 12 N.Y.C.R.R. sect. 142-2.4;

f) Whether Defendants failed to provide Plaintiff and the Rule 23 Class breaks and meal periods in violation of NYLL § 162(4);

g) Whether Defendants failed to provide Plaintiff with a notice of his pay rates;

h) Whether Defendants wrongfully interfered with the rights of Plaintiff and the Rule 23 Class to immediate possession of earned wages and, thus, engaged in unlawful conversion of their compensation;

    i)  The nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the Class; and

    j)  Whether Defendants' failure to pay Plaintiff and the Rule 23 overtime compensation for all hours worked in excess of forty (40) hours per week, spread of hours pay was done willfully or with reckless disregard for the applicable federal and state wage and hours laws, and whether Defendants' failure to provide proper meal and break period was done willfully or with reckless disregard for the applicable federal and state wage and hours laws.

51. Plaintiff's claims are typical of the claims of the Rule 23 Class he seeks to represent.   Plaintiff and the Rule 23 Class work, or have worked, for Defendants in non-exempt positions and have had their rights to immediate possession to their wages wrongfully interfered with by Defendants, have not been paid overtime compensation or spread of hours pay, have not been afforded proper breaks and meal periods.  Defendants have acted and have refused to act on grounds generally applicable to the Rule 23 class, thereby making declaratory relief with respect to the Rule 23 class appropriate.

52. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions.  All Class members were subject to the same corporate practices of Defendants, as

alleged herein, of wrongful conversion of earned compensation, failing to pay overtime compensation, failing to provide spread of hours pay and failing to afford proper break and meal periods.

53. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

54. Plaintiff has retained counsel competent and experienced in both complex class actions and in labor and employment litigation.

55. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the necessary duplication of efforts and expense that numerous individual actions beget. The adjudication of individual claims would result in a great expenditure of Court and public resources; conversely, treating the claims would result in significant costs savings. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' policies, practices and procedures. Although the relative damages suffered by the individual members of the Rule 23 Class are not *de minimus*, such damages are small

compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

56. Current employees are often hesitant to assert their rights out of fear of direct or indirect retaliation. Former employees are reluctant to bring claims because doing so can harm their present and future employment and further efforts to obtain employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing risks.

<u>CLAIMS FOR RELIEF</u>

FIRST CLAIM FOR RELIEF
<u>(Failure to Pay Overtime – FLSA Violation)</u>

57. Plaintiff repeats and re-alleges each and every allegation contained herein.

58. Each Defendant is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

59. Plaintiff, and those individuals similarly situated, are employees, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

60. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours

13

unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

61. Plaintiff, and upon information and belief, those individuals similarly situated, worked in excess of forty (40) hours per week.

62. Plaintiff, and upon information and belief, those individuals similarly situated, did not receive overtime compensation at the rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

63. Consequently, by failing to pay overtime compensation, Defendants violated the governing provisions of the FLSA.

64. Upon information and belief, Defendants' failure to pay overtime compensation was willful.

65. By the foregoing reasons, Defendants are liable to Plaintiff, and those similarly situated, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime – New York Labor Law Violation)

66. Plaintiff repeats and re-alleges each and every allegation contained herein.

67. Each Defendant is an employer, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

68. Plaintiff, and those similarly situated, are employees within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting NYDOL Regs.

69. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

70. NYLL Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

71. Plaintiff, and, upon information and belief, those individuals similarly situated, worked in excess of forty (40) hours per week.

72. Plaintiff, and, upon information and belief, those individuals similarly situated, did not receive overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

73. Consequently, by failing to pay to overtime compensation, Defendants violated NYLL Article 19 § 663 and 12 NYCRR § 142-2.2.

74. Upon information and belief, Defendants' failure to pay overtime compensation was willful.

75. By the foregoing reasons, Defendants violated NYLL Article 19 § 663 and 12 NYCRR § 142-2.2 and is liable to Plaintiff, and those similarly situated, in an

15

amount to be determined at trial, plus interest, attorneys' fees, and costs.

## THIRD CLAIM FOR RELIEF
### (Failure to Pay Spread of Hours Pay – New York Labor Law Violation)

76. Plaintiff repeats and re-alleges each and every allegation contained herein.

77. Each Defendant is an employer, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

78. Plaintiff, and those individuals similarly situated, are employees within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting NYDOL Regs.

79. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]."

80. Upon information and belief, Defendants failed to pay Plaintiff, and those individuals similarly situated, an additional hour's pay when they worked more than ten (10) hours in a day.

81. Plaintiff, and upon information and belief, individuals similarly situated regularly worked in excess of ten (10) hours per day.

82. Consequently, by failing to pay an additional hour's pay when Plaintiff, and those individuals similarly situated, worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 142-2.4.

83. By the foregoing reasons, Defendants violated 12 NYCRR § 142-2.4 and is liable to Plaintiff, and those similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## FOURTH CLAIM FOR RELIEF
### (Failure to Provide Proper Meal Periods – New York Labor Law Violation)

84. Plaintiff repeats and re-alleges each and every allegation contained herein.

85. Plaintiff, and, upon information and belief, those individuals similarly situated, were employed in connection with Defendants' restaurant/pizzeria.

86. Plaintiff, and, upon information and belief, those individuals similarly situated, worked shifts of more than six (6) hours that extended over the noon day meal period.

87. However, Defendants failed to provide Plaintiff, and, upon information and belief, those individuals similarly situated, with at least two (2) separate meal periods, one between 11:00 a.m. and 2:00 p.m. and the second between 5:00 p.m. and 7:00 p.m., in violation of NYLL §§ 162(2) & (3).

88. Upon information and belief, the New York Commissioner of Labor did not issue authority to Defendants to provide shorter meal periods, or no meal periods at all, to Plaintiff pursuant to NYLL § 162(5).

89. By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to Plaintiff, and those individuals similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## FIFTH CLAIM FOR RELIEF
### (New York Wage Theft Prevention Act Violation)

90. Plaintiff repeats and re-alleges each and every allegation contained herein.

91. The New York Wage Theft Prevention Act requires employers, upon hire, to "notify his or her employees, in writing, at the time of hiring of the rate of pay and of the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article, and obtain a written acknowledgement from each employee of receipt of this notice. Such acknowledgement shall conform to any requirements established by the commissioner with regard to content and form. For all employees who are eligible for overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

92. Defendants did not provide Plaintiff, and, upon information and belief, those individuals similarly situated, with a wage notice, as required by NYLL § 195.

93. Plaintiff, and, upon information and belief, those individuals similarly situated, did not sign an acknowledgment confirming receipt of said notice, as required by NYLL § 195.

94. For the foregoing reasons, Defendants have violated NYLL § 195 and are liable to Plaintiff, and those individuals similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## SIXTH CLAIM FOR RELIEF
### (Failure to Maintain Records – FLSA Violation)

95. Plaintiff repeats and re-alleges each and every allegation contained herein.

96. Upon information belief, Defendants failed to preserve requisite payroll records mandated by Title 29 of the Code of Federal Regulations Part 516.

97. Upon information and belief, Defendants failed to maintain accurate payroll records showing for each employee their, inter alia: (1) name as used for Social Security recordkeeping purposes; (2) home address; (3) date of birth;  (4) sex and occupation in which employer; (5) time of day and day of week on which the workweek begins; (6) hourly rate of pay, including the basis of pay by indicating the monetary amount paid per hour, per day and per week; (7) hours worked each workday and the total hours worked each workweek; (8) total wage paid each pay period; and (9) date of wage payment and the pay period covered by the payment.

98. For the foregoing reasons, Defendants violated Title 29 of the Code of Federal Regulations Part 516, thereby entitling Plaintiff and other similarly situated employees, to damages at an amount to be determined at trial, plus interest, litigation costs, and reasonably attorneys' fees, along with injunctive relief.

## SEVENTH CLAIM FOR RELIEF
### (Failure to Maintain Records – New York Labor Law Violation)

99. Plaintiff repeats and re-alleges each and every allegation contained herein.

100.     NYLL §§ 195(4) and 661 require employers to establish, maintain and preserve, for not less than six (6) years, contemporaneous, true, and accurate payroll records for each employee, including (1) payroll records for each week worked the hours worked; (2) the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other basis; (3) gross wages; (4) deductions; (5) allowances, if any, claimed by the minimum wage; and (6) net wages.  N.Y. Lab. Law §§ 195(4) & 661.

101.     NYLL §§ 195(4) and 661 requires employer's payroll records to include the (1) regular hourly rate or rates of pay; (2) overtime rate or rates of pay; (3) number of regular hours worked; and (4) number of overtime hours worked. N.Y. Lab. Law §§ 195(4) & 661.

102.     Upon information and belief, Defendants failed to maintain true and accurate payroll records for Plaintiff, and similarly situated individuals, for the applicable statutory period.

103.     By the foregoing reasons, Defendants have violated NYLL §§ 195(4) & 661 and are liable to Plaintiff, and those individuals similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### EIGHTH CLAIM FOR RELIEF
### (Conversion)

104.     Plaintiff repeats and re-alleges each and every allegation contained herein.

105.    Defendants failed to compensate Plaintiff for wages earned during the course of his employment with Defendants.

106.    As a result, Defendants wrongfully interfered with rights of Plaintiff to immediate possession of the full amount of these wages.

107.    As a direct result of Defendants' unlawful conversion of Plaintiff's compensation and all to which he was (and is) entitled to immediate possession, Plaintiff has suffered, and continues to suffer, substantial economic damages.

108.    Defendants' unlawful conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, warranting an award of damages against Defendants.

### NINTH CLAIM FOR RELIEF
### (Unjust Enrichment and Quantum Meruit)
### (Plead in the Alternative)

109.    Plaintiff repeats and re-alleges each and every allegation contained herein.

110.    Plaintiff performed numerous and valuable services at the behest of and on behalf of Defendants.

111.    Plaintiff was not paid for the reasonable value of those services.

112.    Defendants are unjustly enriched by withholding monies earned by and rightfully belonging to Plaintiff.

113.    By reason of the forgoing, Defendants are liable to Plaintiff in an amount to be determined at trial.

## VI.    DEMAND FOR JURY TRIAL

114.    Plaintiff repeats and re-alleges each and every allegation contained herein.

115.    Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff, and those individuals similarly situated, respectfully request that this Court grant the following relief:

a) On the First, Second, Third, Fourth, Fifth, Sixth and Seventh, Eighth, and Ninth Causes of Action, an award of Plaintiff's, and those individuals similarly situated, actual damages in an amount to be determined at trial plus interest;

b) On the Seventh Claim for Relief, an award up to $2,500.00; the maximum penalty for violations NYLL § 195;

c) Order Defendants pay Plaintiff, and those individuals similarly situated, a reasonable sum for expenses pursuant to the NYLL §§ 198, 663;

d) Declare Defendants violated the FLSA and NYLL;

e) An award of liquidated damages where allowed by statute;

f) Defendants be ordered to pay Plaintiff, and those individuals similarly

22

situated, pre and post judgment interest;

g) Defendants to pay all costs and disbursements of this action, including

   Plaintiff's, and those similarly situated, attorneys' fees; and

h) Order such other and further relief as may be just and proper.

Dated: Bohemia, New York
       June 1, 2016

                                     **ZABELL & ASSOCIATES, P.C.**
                                     *Attorneys for Plaintiff*

                        By:  _____

                                     Saul D. Zabell, Esq.
                                     ZABELL & ASSOCIATES, P.C.
                                     1 Corporate Drive, Suite 103
                                     Bohemia, NY 11716
                                     Tel. (631) 589-7242
                                     Fax (631) 563-7475
                                     SZabell@laborlawsny.com